**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000125
19-JAN-2012
09:01 AM**

NO. CAAP-10-0000125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
JOSEPH M. MAXILOM, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0030; CR. NO. 06-1-1484)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Joseph M. Maxilom ("Maxilom"), pro
se, appeals from the Findings of Fact; Conclusions of Law; Order
Denying Petition for Post-Conviction Relief filed on October 1,
2010 in the Circuit Court of the First Circuit ("Circuit
Court").[1]  The Circuit Court denied Maxilom's Hawaiʻi Rules of
Penal Procedure petition for post-conviction relief
(alternatively, "Rule 40 Petition" or "Petition") without a
hearing, finding that there was substantial evidence to support
Maxilom's conviction and his claims were "patently frivolous and
without a trace of support from the record[.]"

On appeal, Maxilom argues that his trial counsel
provided him with ineffective counsel:

(1) "Trial counsel violated [Maxilom's] Sixth Amendment
right by trial counsel's failure to call as witnesses any of the
ten witnesses requested by [Maxilom]."

(2) "Trial counsel failed to conduct a pre
investigation with certain witnesses that [Maxilom] told trial
counsel to interview because witness was [Maxilom's] alibi[.]"

(3)  "Trial counsel denied [Maxilom] of his

---

[1]     The Honorable Michael A. Town presided.

constitutional right to cross-examine witnesses and alleged victim regarding her recantation to detective and officer; prosecution's case rested solely on victim's credibility, and such cross-examination was essential to truth-finding process because victim might have admitted to lying about charges to private investigator."

Maxilom also contends that (4) his appellate counsel provided ineffective assistance of counsel when appellate counsel "tricked [Maxilom] into signing a paper by telling him it was to release information to counsel on his appeal" when it was really "to cancel his direct appeal." Consequently, Maxilom argues, he did not knowingly, intelligently, or voluntarily waive his right to appeal.[2/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Maxilom's points of error as follows:

The Circuit Court did not err in denying Maxilom's Rule 40 Petition without a hearing. The record on appeal does not indicate that Maxilom's Petition raised a colorable claim so as to require a hearing before the Circuit Court. *See* Haw. R. Pen. P. 40(f) (court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner); *Barnett v. State*, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (question is whether the trial record indicates that petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court). To the extent that we understand his arguments in his Rule 40 Petition and on

---

[2/] We take judicial notice of the February 1, 2010 Motion to Dismiss Appeal and Order ("Motion to Dismiss"), filed in appeal no. 30035. *See State v. Akana*, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (stating that "[t]his court has validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same." (citing *State v. Wong*, 50 Haw. 42, 43, 430 P.2d 330, 332 (1967))); Haw. R. Evid. 201(d) (under which a court is mandated to take judicial notice if requested by a party and supplied with the necessary information); Haw. R. Evid. 201(d) cmt. (stating that the necessary information may be consistent with subsection (b) which permits judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). The Motion to Dismiss is supported by a declaration signed by Maxilom ("Declaration").

appeal, Maxilom failed to show that he was provided with ineffective assistance of counsel as follows:

(1) & (2)   Maxilom did not make a colorable claim that he was denied effective assistance of trial counsel because he failed to assert how his trial counsel's failure to call various witnesses resulted in "the withdrawal or substantial impairment of a potentially meritorious defense." *Barnett*, 91 Hawaiʻi at 26-27, 979 P.2d at 1052-53; *Dan v. State*, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994) (setting forth the standard for ineffective assistance of counsel claims under Hawaiʻi Rules of Penal Procedure Rule 40); *See also State v. Antone*, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980) (stating that the burden is on appellant to establish an ineffective assistance of counsel claim).   The failure to call a witness at trial does not raise a colorable claim of ineffective assistance unless the Appellant can relate the witness to an issue in the trial and can explain how the withdrawal or substantial impairment of a potentially meritorious defense is caused by the failure to call that witness.

(a) Any reputation or opinion evidence of the complainant's past sexual behavior would have been barred because it was not "constitutionally required to be admitted," "the source of semen or injury" was not at issue, and consent was not an element of either offense.   Haw. R. Evid. 412(a), 412(b) & cmt.; HAW. REV. STAT. §§ 707-730(1)(b) (Supp. 2006) & -732(1)(b) (Supp. 2006).

(b) Whether complainant's school attendance record showed she was at school the week of February 13 through 17, 2006 or Maxilom's attendance record could confirm that Maxilom was at work on February 14, 2006 was of little consequence, given that complainant testified at trial that the first incidents occurred on the weekend and she never saw Maxilom during the school week, and Maxilom's trial counsel extensively cross-examined her regarding her prior statements that the incidents occurred on February 14, 2006.

(c) Any failure on the part of Maxilom's counsel to call witnesses regarding the tape-recorded statement

complainant made to Detective Souza did not result in the substantial impairment of a potentially meritorious defense. At trial, the complainant's statement was admitted into evidence, and the complainant was cross-examined on its substance. Specifically, the complainant testified that the statement was false, that it was already typed when she arrived to speak with Detective Souza, and that she signed it under a mistaken belief that signing it would make the case go away. In addition, Maxilom does not assert what the uncalled witnesses would have testified to that was not already established by cross-examination of the complainant.

(d) Maxilom has not asserted how his counsel's failure to call any witness to testify regarding "Defendant's Exhibit G," a medical document summarizing complainant's account of the incidents, substantially impaired a potentially meritorious defense because complainant's testimony at trial substantially comported with the document, and Maxilom's trial counsel extensively cross-examined complainant about inconsistent statements she allegedly made regarding the date of the incidents.

(e) With regard to the list entitled "Identified witnesses" attached to Maxilom's opening brief, that attachment is not part of the record on appeal, and, consequently, we will not consider it. *Stanley v. State*, 76 Hawaiʻi 446, 448, 879 P.2d 551, 553 (1994) (stating that "[a]ppellate review must be based upon the evidence contained in the record, not upon matters outside of the record" (quoting *State v. Lewis* 6 Haw. App. 624, 626. 736 P.2d 70, 72 (1987) (internal quotation marks omitted))).

(f) The only "alibi" witness Maxilom identifies is included in the "Identified witnesses" list attached to his opening brief, which we may not consider. *Stanley*, 76 Hawaiʻi at 448, 879 P.2d at 553. To the extent Maxilom is referring to witnesses that would testify that he was at work on February 14, 2006, as we have already discussed, any failure on the part of trial counsel to produce additional evidence on that point could not have resulted in the substantial impairment of a potentially meritorious defense.

(3) Maxilom did not argue in his Rule 40 Petition that his trial counsel denied him his constitutional right to cross-examine "witnesses" or complainant regarding her recantation to the police, and the argument is, therefore, disregarded. Haw. R. App. P. 28(b)(4).

(4) Maxilom did not make a colorable claim that he was denied effective assistance of appellate counsel as a consequence of being "tricked" into signing his Declaration. Even if we were to take Maxilom's allegations that he did not know what he was signing and so did not knowingly withdraw his appeal as true, he fails to state a colorable claim because he does not allege facts that show he was harmed or even potentially harmed by the withdrawal of his appeal because he does not identify potentially meritorious issues that he would have raised on appeal. *See Barnett, supra; Dan, supra.* To the extent that Maxilom suggests he would have made any of the arguments that he made in the instant appeal from the denial of his Rule 40 Petition, as we have already discussed, he either already waived them or they are not colorable.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact; Conclusions of Law; Order Denying Petition for Post-Conviction Relief filed on October 1, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 19, 2012.

On the briefs:

Joseph M. Maxilom,
Pro Se Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

5